DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418

Counsel for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>IN THE MATTER OF SEIZURE AND<br>FORFEITURE OF THE FOLLOWING ASSET:<br><br>Any and all funds in Wells Fargo Bank Account<br>#3014269645 | 2:12-CV-1097-MMD-PAL<br><br>SETTLEMENT AGREEMENT |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO $35,000.00 OF FUNDS IN WELLS FARGO BANK ACCOUNT NUMBER #3014269645 AND ORDER**

Comes now The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Cristina D. Silva, Assistant United States Attorney, and Pedro Lopez-Sanchez, by and through his counsel, Paola M. Armeni, Esq., and stipulate as follows:

1. This case is a civil forfeiture action seeking to forfeit $35,000.00 in United States Currency, ("$35,000.00") pursuant to 21 U.S.C. § 881(a)(6).

2. The $35,000.00 is forfeited to the United States of America.

3. Pedro Lopez-Sanchez knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture concerning the $35,000.00.

4. Pedro Lopez-Sanchez knowingly and voluntarily agrees to abandon or to forfeit the

$35,000.00 to the United States.

5. Pedro Lopez-Sanchez knowingly and voluntarily agrees to relinquish all right, title, and interest in the $35,000.00.

6. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") concerning the $35,000.00.

7. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $35,000.00 arising from the facts and circumstances of this case.

8. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the $35,000.00.

9. Pedro Lopez-Sanchez knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $35,000.00.

10. Pedro Lopez-Sanchez knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $35,000.00.

11. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, Fed. R. Civ. P. Supp. Rule A, C, E, and G, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or forfeiture proceeding concerning the $35,000.00.

12. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $35,000.00.

13. Pedro Lopez-Sanchez knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any the

abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture concerning the $35,000.00.

14. Pedro Lopez-Sanchez knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $35,000.00 to the United States.

15. Pedro Lopez-Sanchez understands that the forfeiture of the $35,000.00 shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Pedro Lopez-Sanchez in addition to forfeiture.

16. Pedro Lopez-Sanchez knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture, and Order ("Settlement Agreement").

17. Pedro Lopez-Sanchez knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Internal Revenue Service, the Henderson Police Department, their agencies, their agents, and their employees from any claim made by Pedro Lopez-Sanchez, or any third party arising out of the facts and circumstances of this case.

18. Pedro Lopez-Sanchez knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Internal Revenue Service, the Henderson Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Pedro Lopez-Sanchez now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent,

employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to release to Pedro Lopez-Sanchez the sum of $90,061.89 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, to Pedro Lopez-Sanchez through his attorney, Paola M. Armeni, Esq., 3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89169. Pedro Lopez-Sanchez knowingly and voluntarily agree to fill out the ACH form and submit it to the United States Attorney's Office so that the payment of the $90,061.89 is by electronic fund transfer.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

26. This Settlement Agreement shall not constitute an admission of liability, wrongdoing or fault on the part of Mr. Pedro Lopez-Sanchez and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

...

...

...

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $35,000.00.

DATED: 6/8/12

*[signature]*

PAOLA M. ARMENI, ESQ.
Counsel for Pedro Lopez-Sanchez

DATED: 6/8/12

*[signature]*

DANIEL G. BOGDEN
United States Attorney

*[signature]*

CRISTINA D. SILVA
Assistant United States Attorney

DATED: 6/8/12

*[signature]*

Pedro Lopez-Sanchez

IT IS SO ORDERED:

*[signature]*

UNITED STATES DISTRICT JUDGE
DATED: August 21, 2012

5